## SECOND DEPARTMENT, JUNE, 1917.

ALFRED P. McNULTY and MARGARET A. KENNEDY (Formerly McNulty), Respondents, v. J. HARRY MYERS and Others, Defendants, Impleaded with CASSIUS M. LAWSON and RUFUS H. SMITH, Appellants.

*Principal and agent — sale of land — representations of purchaser's agent — when no actionable deceit.*

Appeal by the defendants, Cassius M. Lawson and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 22d day of December, 1916, upon the decision of the court after a trial at the Kings County Special Term.

PER CURIAM: Smith went to the vendor to offer a specific price for her property, and she knew that he purported to act for another. The representations were made by him in the capacity of another's agent and not while he was in any fiduciary relation to herself. In fact, he later took on a nominal relation of agency towards her, for the purpose of utilizing the offer he had made and to carry out the arrangement whereby she appeared to be paying him a $1,000 commission, although in fact the price offered was increased to meet that sum. When the actual contract was made, she insisted that he should become the purchaser, and he bound himself to pay the purchase price. Thereby his formal agency, manifested by the option to sell, was transformed. Then the deed was carried through Platt to Myers, from Myers to the corporation, and Smith managed the trans-

actions.   The undisputed finding  is that Smith did not represent Myers. Therefore, in his representations to the vendor or to her son, quite equipped as a lawyer and his business relations to understand such matters, Smith spoke either as an individual or as an agent, and whether he was in fact or appearance acting for himself or another, he made no representation of fact that made him individually liable or cast liability upon Lawson.   The evidence preponderatingly shows that he was acting for Lawson, and that the only profit Smith gained from this specific transaction was $1,000, which Lawson agreed to bear.   As the vendor knew that Smith at the time was not speaking to her as her agent, but as the agent of another, she had  no right to exact information from him that lessened his loyalty to the principal from whom he came, or to rely on the statements that were made, honest or otherwise, that tended to further the errand on which he came.   There is not the slightest intention to suggest that Smith acted with personal honor. He used the respect in which the vendor and her son held him and his judgment by reason of earlier business relations to persuade her to sell the land. But that did not make him liable in law or attach liability to Lawson.   If Smith put himself in an anomalous position in taking the option to sell and in making with the vendor a collateral contract as to the commission, the vendor or her son suggested or abetted it, and there was no concealment whatever except as to the disposition that would be made of the property by Lawson, and that the vendor had no right to know.   The judgment should be reversed and  the complaint dismissed, but without costs.   The following findings and conclusions of law are reversed.   Findings of fact IX, X, XI, XIII, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXIX, XXXI, XXXVI, XXXVIII, XXXIX, XLIV, XLVI, XLVII, XLVIII, XLIX, L; and conclusions of law II, III, IV, V, VI, IX, XI, and findings will be made in conformity with this memorandum.   Jenks, P. J., Thomas, Stapleton, Putnam and Blackmar, JJ., concurred.   Judgment reversed and complaint dismissed, without costs.   The following findings and conclusions of law are reversed: Findings of fact IX, X, XI, XIII, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXIX, XXXI, XXXVI, XXXVIII, XXXIX, XLIV, XLVI, XLVII, XLVIII, XLIX, L; and conclusions of law II, III, IV, V, VI, IX, XI, and findings will be made in conformity with this memorandum.   Order to be settled before Mr. Justice Thomas.